IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA BRIDGES                                                                              PLAINTIFF

v.                                           Civil No. 2:21-CV-02004

LIEUTENANT CARRIE DOWDY, *et. al.*                                            DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Crawford County Detention Center ("CCDC"). He filed his Complaint on January 4, 2021. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file an i*n forma pauperis* ("IFP") application and an Amended Complaint by January 25, 2021. (ECF No. 2). Plaintiff filed both on January 27, 2021. (ECF Nos. 5, 6). Plaintiff's IFP application was denied on January 28, 2021, because he had not filed

1

out the form correctly and he indicated that he had a large amount of cash available in a checking account. (ECF No. 6). Plaintiff was given another opportunity to submit an IFP application by February 18, 2021. (*Id*.). Plaintiff submitted his second IFP application on February 8, 2021. (ECF No. 7). He was granted IFP status on February 18, 2021. (ECF No. 8).

For his first claim, Plaintiff alleges that Defendant Hicks punched his eye on November 31, 2020. (ECF No. 5 at 4). He states this resulted in him suffering from a "bruise[ed] purple eye/got heartburn." (*Id*.). Plaintiff proceeds against Defendant Hicks on this claim in his official capacity only. (*Id*.). Plaintiff characterizes this incident as a disability assault. (*Id*. at 5).

For his second claim, Plaintiff alleges that Defendant Hicks denied him "meal care" on December 16, 2020. Specifically, Plaintiff alleges that Defendant Hicks "Talk Loud w/spit, got vomited from salad." (*Id*. at 5). The Court will interpret this as a claim that Defendant Hicks spoke loudly and in a manner which caused some spittle to be emitted from his mouth. The Court will interpret Plaintiff's second part of the statement to mean that he became ill from eating salad. The two statements do not appear to be related to each other. (*Id*.). Plaintiff proceeds against Defendant Hicks in both his official and personal capacities. (*Id*.). Plaintiff characterizes this incident as a "disability assault." (*Id*. at 6).

For his third claim, Plaintiff alleges that Nurse Berry denied him medical care on November 31, 2020. (*Id*. at 6). He describes the nurse's actions as "refusal rescue, erroneous physics needs, resist provide my healthy needs - sling." (*Id*.). This appears to be a statement that Nurse Berry did not provide him with a sling for an unidentified medical condition. Plaintiff proceeds against Nurse Berry in both her official and personal capacities. (*Id*.). Plaintiff states that Nurse Berry's licensure should be removed. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff failed to state any plausible constitutional claims.  Plaintiff failed to state an official capacity excessive force claim against Defendant Hicks based on the allegation that Hicks punched him in the eye.  To establish liability in an official-capacity suit under Section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman,* 879 F.2d 429, 433 (8th Cir. 1989).  Here, Plaintiff failed to identify any policy or

custom of CCDC which Defendant Hicks may have been following when he allegedly punched Plaintiff in the eye. Thus, Plaintiff failed to state an official capacity excessive force claim against Defendant Hicks.

Plaintiff failed to state a plausible denial of medical care claim against Nurse Berry. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Here, Plaintiff failed to allege that he suffered from any objectively serious medical need. Indeed, he identifies no medical condition whatsoever. Thus, Plaintiff failed to state a denial of medical care claim against Nurse Berry.

Plaintiff's claims that Defendant Hicks spoke loudly and emitted some spittle from his mouth, and Plaintiff's allegation that he became ill after eating some salad, do not state any cognizable category of constitutional violation.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 5) be DISMISSED WITHOUT PREJUDICE. The dismissal of this action should constitute a "strike" under 28

U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **19th day of February, 2020**.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE